IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESLEY HARPER,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-06-0017 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **SUE HANNAH,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

## I.   Background

Plaintiff, Wesley Harper, an inmate presently confined at the Smithfield State Correctional Institution in Huntington, Pennsylvania, commenced this action *pro se* by filing a civil rights complaint (Doc. 1) pursuant to the provisions of 42 U.S.C. § 1983.  Subsequently, Plaintiff filed a motion for leave to file an amended complaint (Doc. 4), setting forth an additional claim.  The court construed Plaintiff's motion as a motion to supplement the complaint.  By order dated February 3, 2006 (Doc. 8), the motion was granted and the supplemental claim set forth therein was incorporated into the complaint.  Thereafter, Defendants filed an answer to Plaintiff's complaint (Doc. 19).  Defendants are: Sue Hannah, Richard Norris, Captain Myers,

Lieutenant Painter, Jay Whitesel, V. L. Kormanic, Daryl Briggs, John Palakovich, and Sharon Burks.

Plaintiff makes the following claims in his complaint:

On January 4, 2005, Plaintiff was improperly charged with a misconduct for the content of one of three manuscripts he had written. Plaintiff was found guilty of the misconduct, and sanctioned with thirty (30) days of disciplinary confinement as a result. Plaintiff further claims that, on January 9, 2005, Defendants wrongfully confiscated the three manuscripts and improperly held these documents. Thereafter, on February 14, 2005, Plaintiff filed a grievance alleging the wrongful confiscation of his property. Ultimately, two of the three manuscripts were returned.

Plaintiff avers that (1) issuance of the misconduct violated his right of free speech; (2) his inability to call witnesses at the misconduct hearing violated his free speech and due process rights; (3) failure to overturn the misconduct on appeal violated his free speech, due process, and equal protection rights; (4) the confiscation violated his free speech and due process rights; (5) continued retention of his third manuscript violated his free speech and due process rights; and (6) denial of his grievance violated his free speech and due process rights. (Doc. 1 at 4-5.) Plaintiff seeks expungement of the misconduct, restoration of privileges, and monetary damages.

Defendants moved for partial judgment on the pleadings on the basis of the misconduct. (Doc. 20.) The substance of Plaintiff motion "for summary judgment on the pleadings" addresses the misconduct, not the grievance. (Doc. 35) Accordingly, the court will adjudicate only Plaintiff's claims arising from the misconduct on these motions. Analyzing these claims under the standard for judgment on the pleadings or summary judgment yields the same result, thus the court will use the standard most beneficial to Plaintiff. For the following reasons, Defendants' motion will be granted, and Plaintiff's motion will be denied.

## II.  Legal Standard - Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) states, in pertinent part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts have applied the same standard of review for a motion for judgment on the pleadings under Rule 12(c) as they do for a motion to dismiss under Rule 12(b). *Regalbuto v. City of Phila.*, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995). In a motion for judgment on the pleadings the court reviews the complaint, as well as the answer and written instruments attached to the pleadings. 2 Moore's Federal Practice Civil § 12.38 (2004).

In rendering a decision on a motion to dismiss, the court must accept Plaintiff's allegations in the complaint as true and draw all reasonable inferences from those facts in Plaintiff's favor. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Dismissal is warranted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. The court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents if Plaintiff's claims are based on such documents. *Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**III.      Discussion**

Defendants' motion seeks dismissal of Plaintiff's allegations related to the disciplinary proceeding against him, Misconduct Report #A707222. The Prison Litigation Reform Act ("PLRA") provides that a prisoner is not able file a suit raising claims pursuant to 42 U.S.C. §1983 until available administrative remedies have been exhausted. 42 U.S.C. §1997e(a); *see Nyhuis v. Reno*, 204 F.3d 65, 75 ("Our bright-line rule is that inmate-plaintiffs must exhaust all available administrative remedies.") Exhaustion of administrative remedies is mandatory regardless of whether administrative processes provide the relief a prisoner is seeking. *See Booth v. Churner*, 532 U.S. 731, 738-41 (2001). Moreover, administrative exhaustion is required of "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004), the court held that the exhaustion requirement of the PLRA includes a procedural default component. The *Spruill* court stated that the first inquiry is whether the plaintiff literally exhausted his administrative remedies. *Id.* at 232. The second inquiry is whether the plaintiff procedurally defaulted exhaustion concerning his claim. *Id.* Procedural default occurs when a plaintiff fails to follow the rules governing the process for seeking administrative relief. "Failure to exhaust administrative remedies is an affirmative

5

defense that must be pled and proven by the defendant." *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (*citing Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002)).

In making the first inquiry pursuant to *Spruill*, it is apparent from Plaintiff's own admission that Plaintiff did not exhaust the available administrative remedies. The applicable policy is the Department of Corrections Administrative Directive 801 - Inmate Discipline Policy ("DC-ADM 801"). This policy provides for three levels of appeal from a guilty finding by a Hearing Examiner on a misconduct report. The first level of appeal is to the Program Review Committee ("PRC"). (*See* Doc. 20-3, Unsworn Declaration of Robert S. Bitner, Exhibit Bitner 1 at 14.) The second level of appeal is to the prison's superintendent. (*Id.* at 15) The final level of appeal is to the DOC Chief Hearing Examiner. (*Id.* at 15-16).

Plaintiff states in his complaint that, on January 4, 2005, a disciplinary misconduct was issued. (Doc. 1 at 2, ¶ 1). He further states that, on January 7, 2005, following a hearing before Defendant Richard Norris, Plaintiff was found guilty. (*Id.* at 2, ¶ 3). Plaintiff avers that he filed an administrative appeal to the PRC and that, on January 26, 2005, the PRC sustained the finding of guilt. (*Id.* at 2-3 ¶¶ 4-5). Plaintiff freely admits that he failed to exhaust administrative remedies available for the misconduct. In the "Statement of Fact" section of his brief in opposition to Defendants' motion, Plaintiff stated as follows: "Before filing the complaint in this

6

case, plaintiff did not exhaust his remedies with respect to the misconduct report and the decision of the hearing examiner on that report." (Doc. 50 at 3).

Moreover, the "Unsworn Declaration" of the Department of Corrections ("DOC") Chief Hearing Examiner, Robert S. Bitner, which was submitted by the defendants with their motion, provides further proof that Plaintiff did not exhaust available administrative remedies. (*See* Doc. 20 -3 at 1-5). In his declaration, Mr. Bitner states that the full administrative review process for misconduct reports was made available to Plaintiff, and Plaintiff failed to avail himself of that process. (*Id.* at 4-5). Mr. Bitner further states that the Automated Misconduct Tracking System maintained by the DOC showed that, while Plaintiff availed himself of the first level of appeal to the PRC, Plaintiff did not take further appeals to the Superintendent of the institution and to the DOC Chief Hearing Examiner. (*Id.*)

As to the second inquiry pursuant to *Spruill*, Plaintiff procedurally defaulted his misconduct claim because the time to pursue additional appeals has passed. *See Spruill,* 372 F.3d at 232; *see also Bartelli v. Lewis*, 2005 WL 2300362, at *5 (M.D.Pa. Sept. 9, 2005) (plaintiff procedurally defaulted exhaustion of misconduct claim where he failed to timely pursue three levels of appeal available through DC-ADM 801) (attached hereto and marked as "Appendix A"). After the PRC sustained the guilty finding on January 26, 2005, Plaintiff had seven days to appeal the decision

to the Superintendent. (*See* Doc. 20-3, Exhibit Bitner 1, §VI, Part L). Thus, Plaintiff did not properly exhaust administrative remedies and has procedurally defaulted exhaustion regarding his misconduct claim. *See Woodford v. Ngo,* 126 S. Ct. 2378, 2387, 2388 (2006) (PLRA exhaustion requirement requires proper exhaustion).

Plaintiff failed to exhaust administrative remedies with respect to the guilty finding on the misconduct report because, as he admitted, he did not appeal the guilty finding through the third and final stage of the appeal process available through DC-ADM 801 in the time prescribed.

**IV.**     **Conclusion**

For the reasons stated above, as to Plaintiff's claims arising from the misconduct, Defendants' motion for judgment on the pleadings will be granted and Plaintiff's motion for summary judgment will be denied. The court will address claims arising from the grievance upon proper motion at a later date.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: October 19, 2007.

Appendix A

*Bartelli v. Lewis*, 2005 WL 2300362 (M.D.Pa. Sept. 9, 2005).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESLEY HARPER,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-06-0017** |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **SUE HANNAH,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **O R D E R**

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**, as to legal claims arising out of the misconduct issued to Plaintiff,

1) Defendants' motion for partial judgment on the pleadings (Doc. 20) is **GRANTED**;

2) Plaintiff's motion for summary judgment (Doc. 35) is **DENIED**; and

3) The Clerk of Court shall defer the entry of the grant of partial judgment on the pleadings until the conclusion of the case.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated: October 19, 2007.