IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESLEY HARPER,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-06-0017 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **SUE HANNAH,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

Plaintiff Wesley Harper, an inmate presently confined at the Smithfield State Correctional Institution ("SCI-Smithfield") in Huntington, Pennsylvania, commenced this action *pro se* by filing a civil rights complaint (Doc. 1) pursuant to the provisions of 42 U.S.C. § 1983.

Presently pending is Defendants' motion for summary judgment (Doc. 62) as to Plaintiff's remaining claim that Defendants violated his First Amendment right to freedom of speech when they confiscated three (3) manuscripts and various certificates written by him about SCI-Smithfield employees. The confiscation occurred after Plaintiff was found guilty of using abusive, obscene, and inappropriate language to staff based on the content of one of the manuscripts, "The Nominees." For the reasons set forth below, the motion will be denied.

## I. Background

### A. Facts

Viewed in the light most favorable to Plaintiff, the facts relevant to Plaintiff's claims stemming from his grievance are as follows:

On January 9, 2005, Defendant Myers ordered the confiscation of numerous certificates and three (3) original manuscripts from Plaintiff's cell. (Doc. 1 at 3 ¶ 6.) The three manuscripts were entitled, "The Nominees," "The Honey Bun Police," and "Now Hiring!". (*Id.*)

Prior to the confiscation, on January 4, 2005, Defendant Hannah filed a misconduct report against Plaintiff charging him with using abusive, obscene, or inappropriate language to an employee. (*Id.* at 1; Doc. 37, Misconduct Report, at 6.) Defendant Hannah's report stated that, on that date, she found a packet of papers in her employee mailbox that were signed by Plaintiff. (Doc. 37 at 6.) The report states that the writings contained numerous abusive and inappropriate comments about members of the SCI-Smithfield staff. (*Id.*) The writings were from Plaintiff's manuscript, "The Nominees." (Doc. 1 at 2 ¶ 1; Doc. 41, Defendants Brief in Opposition to Plaintiff's Motion for Summary Judgment, at 3, 6.) Following a hearing on January 7, 2005, Plaintiff was found guilty of misconduct. (Doc. 37, Disciplinary Hearing Report, at 13.)

On January 22, 2005, Plaintiff wrote a letter to Defendant Myers inquiring whether his confiscated items would be returned. (Doc. 1 ¶ 7; Doc, 37, Plaintiff's Declaration in Support of his Motion for Partial Summary Judgment, at ¶ 10.) When Plaintiff did not receive a response, on January 31, 2005, he submitted an inmate request in which he again inquired whether the confiscated items would be returned to him. (Doc. 1 at 3 ¶ 7; Doc. 37, copy of Inmate's Request to Staff Member, at 37.) On February 4, 2005, Defendant Painter responded that the writings were related to the staff and were involved in a misconduct, and thus they would not be returned to Plaintiff. (Doc. 37 at 37.) However, Painter stated that Plaintiff had the option to send them home and directed him to respond if he wanted to exercise that option. (*See id.*)

On February 14, 2005, Plaintiff filed an official inmate grievance in which he complained that his three manuscripts, "The Nominees," "Now Hiring!," and "The Honey Bun Police," and his numerous certificates, were illegally confiscated without just cause and in violation of the First Amendment of the United States Constitution. (Doc. 1 at 3 10; Doc. 37, Official Inmate Grievance, at 40-41.) Plaintiff notes in his grievance that, contrary to Painter's response, only "The Nominees" was involved in the misconduct charges that were filed on January 4, 2005. (*See* Doc. 37 at 40-41.)

The grievance requests that the manuscripts and numerous certificates be returned to Plaintiff without further delay.  (*See id.* at 41.)

On February 22, 2005, Defendant Painter summoned Plaintiff to his office and returned all of the numerous certificates that had been confiscated from Plaintiff's cell as well as two of the manuscripts, "Now Hiring!" and "The Honey Bun Police." (Doc. 1 at 4 ¶ 11; Doc. 37 ¶ 14; Doc. 41 at 3.)  "The Nominees," the manuscript that was the subject of the misconduct, was not returned to Plaintiff.  (Doc. 37 ¶ 14; Doc. 41 at 3.)

Despite the fact that Plaintiff's writings, with the exception of "The Nominees," already had been returned to him, on March 3, 2005, Defendant Palakovich responded to Plaintiff's grievance by stating that the confiscated items used abusive, obscene, or inappropriate language to an employee, and as such, would not be returned to him.  (Doc. 37, Response to Grievance, at 42.)

On March 8, 2005, Plaintiff filed an appeal to the Office of Inmate Grievances and Appeals stating that, although two of his manuscripts and a number of certificates had been returned to him, he still was asserting a violation of his First Amendment rights based on the confiscation itself.  (*See* Doc. 37, Appeal to Office of Inmate Grievances and Appeals, at 43-44.)  On November 4, 2005, Defendant Burks responded as follows:

4

> Upon completion of this review, it is the decision of this office and the Office of Chief Counsel to uphold the responses provided by staff at the institutional level. The fact that you are incarcerated placed certain limits and restrictions on your first amendment rights. Any writings in your possession that are considered obscene are not afforded First Amendment protection. According to Superintendent Palakovich's review of the materials, they are considered obscene. Therefore, your request for return of the confiscate material is denied.

(Doc. 37, Response of Chief Grievance Officer, at 46.)

### B. **Procedural History**

On January 4, 2006, Plaintiff filed his complaint in which he names the following employees of SCI-Smithfield as Defendants: Sue Hannah, Unit Manager; Richard Norris, Hearing Examiner; Captain Myers, Chief of Security; Lieutenant Painter, Security Chief's Assistant; Jay Whitesel, Inmate Program Manager; V.L. Kormanic, Deputy of Centralized Services; Daryl Briggs, Deputy for Facility Management; and John Palakovich, Warden. (*See* Doc. 1 at 2.) Plaintiff later was permitted to supplement his complaint by naming an additional Defendant, Sharon Burks, Chief Grievance Officer. (*See* Docs. 4, 8.)

The complaint raises two sets of claims. The first set of claims stem from the misconduct filed by Defendant Hannah. Those claims were dismissed on October 19, 2007 when the court granted Defendants' motion for partial judgment on the pleadings. (*See* Doc. 58.)

5

Plaintiff's remaining claims arise from the grievance he filed on February 14, 2005 regarding the confiscation of his three manuscripts and numerous certificates from his cell after he was found guilty of misconduct based on the content of one of those manuscripts. Plaintiff claims that the confiscation violated his constitutional rights under the First, Fourth, and Fourteenth Amendments. (Doc. 1 at 4 ¶ 14.)

On January 2, 2008, Plaintiff filed a motion requesting that the court address his remaining claims arising from the grievance. (*See* Doc. 61.) However, Plaintiff failed to file a supporting brief in accordance with M.D. Pa. Local R. 7.5, and thus his motion was deemed withdrawn. (*See* Doc. 64.) Before Plaintiff's motion was withdrawn, Defendants filed their motion for summary judgment (Doc. 62).[1] Defendants did not file a new brief, but instead asserted in their motion that they rested on their previous brief in opposition to Plaintiff's motion for summary judgment (Doc. 41). Defendants did not submit a statement of facts in accordance with M.D. Pa. Local R. 56.1.

Following two requests for extensions of time to file his opposition because of medical problems, which were granted (*see* Docs. 67, 74), on June 2, 2008, Plaintiff

---

[1]Defendants explained that they styled their motion as a "Cross-Motion for Summary Judgment" because the court might construe Plaintiff's motion as a motion for summary judgment.

filed his brief in opposition to Defendants' motion for summary judgment (Doc. 75). Accordingly, the motion is ripe for disposition.

## II. **Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own

affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23.  "'Such affirmative evidence – regardless of whether it is direct or circumstantial—must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

## III. Discussion

Defendants argue that they are entitled to summary judgment because the return of Plaintiff's articles to him, with the exception of the one related to the misconduct, negates Plaintiff's claim of a First Amendment violation.  (*See* Doc. 41 at 6.)  They argue in the alternative that any harm that occurred during the short period during which Plaintiff was deprived of his articles is *de minimis*, and thus is not actionable.  (*See id.* at 7.)  The court disagrees for the reasons that follow.

In order to establish that Defendants violated his First Amendment right to freedom of speech, Plaintiff must show that they prevented him from exercising that right without any justification that is reasonably related to a legitimate penological interest. *See Beard v. Banks*, 548 U.S. 521, 528 (2006) (citing *Turner v. Safley*, 482 U.S. 78, 87 (1987)).

Plaintiff has demonstrated that Defendants confiscated his writings, thus inhibiting his right to freedom of speech, without providing any justification for the confiscation. Plaintiff submitted a copy of the receipt he received on January 9, 2005 when his items were confiscated, which states that four short stories about SCI-Smithfield staff and numerous certificates were confiscated from his cell and sent to security. (*See* Doc. 37 at 16.) The receipt indicates that no misconduct report was prepared. (*See id.*) However, the February 4, 2005 response to Plaintiff's inmate request asking whether his confiscated items would be returned was that the materials would not be returned because they were about members of the staff and were the subject of a misconduct. (*See id.* at 37.) Plaintiff already had been found guilty of the misconduct related to "The Nominees" on January 7, 2005. Defendants have not submitted any evidence that a new misconduct was filed against Plaintiff in connection with the confiscation of his other writings such that the reason for the

confiscation was ever stated. Indeed, Defendants offer no explanation for why the other stories were confiscated at all.

Consequently, Defendants have not demonstrated that they are entitled to summary judgment on the issue of whether the restriction on Plaintiff's freedom of speech that occurred when his writings were confiscated was justified by some policy reasonably related to a legitimate penological interest. *See Banks*, 548 U.S. at 528. Defendants have not submitted a statement of facts, or any supporting evidence, such as affidavits or copies of relevant prison policies. Therefore, the record is unclear as to the reason for the confiscation of Plaintiff's writings *after* he had been found guilty of misconduct with respect to only one of those writings, "The Nominees." Moreover, because Defendants have not met their burden on the issue as to whether the restriction on Plaintiff's freedom of speech that occurred when his writings were confiscated was justified by some policy reasonably related to a legitimate penological interest, the court cannot reach the issue as to whether the harm Plaintiff suffered during the time that he was deprived of his papers was *de minimis*. Accordingly, Defendants' motion will be denied.

## IV. **Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment (Doc. 62) will be denied. An appropriate order will issue.

        s/Sylvia H. Rambo
        Sylvia H. Rambo
        United States District Judge

Dated: September 18, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESLEY HARPER,** | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-06-0017** |
| v. | : | **(Judge Rambo)** |
| **SUE HANNAH,** *et al.*, | : | |
| **Defendants** | : | |

# O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) Defendants' motion for summary judgment (Doc. 62) is **DENIED**.

2) This case is placed on the December 2008 trial list. This case is listed non-jury. Trial will commence following the completion of any jury selections scheduled for 9:30 a.m. on Monday, December 1, 2008, in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. If no jury selections are scheduled, trial will commence at 9:30 a.m. If counsel who intends to try the case has a conflict, the court must be notified immediately.

3) No later than November 3, 2008, the parties shall file pretrial memoranda in accordance with the local rules of this court. Plaintiff shall also file *in camera* with

the court an addendum to the pretrial memoranda indicating the name and substance of the testimony of each witness the parties intend to call.  Plaintiff is to note that "*in camera*" refers to the fact that the court will not disclose his witness list and proposed witness testimony.  **Failure to timely file pretrial memoranda or the required addendum may result in sanctions, including dismissal**.

4)  The Clerk of Court is directed to send to the parties a copy of this court's "Pretrial Memorandum" form.

5)  If the parties file trial memoranda, they must be filed five (5) business days before trial.

      s/Sylvia H. Rambo
      Sylvia H. Rambo
      United States District Judge

Dated:  September 19, 2008.

# APPENDIX B

# PRETRIAL MEMORANDUM FORMAT

# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  | : |  |
|---|---|---|
|  | : |  |
|  | : |  |
| v. | : | CIVIL ACTION NO. |
|  | : |  |
|  | : |  |

# PRETRIAL MEMORANDUM

Date conference was held by counsel:

    A.  A brief statement as to federal court jurisdiction.

    B.  A summary statement of facts and contentions as to liability.

    C.  A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3. No facts should be denied unless opposing counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds. The parties must reach agreement on uncontested facts even though relevancy is disputed.

    D.  A brief description of damages, including, where applicable:

        (1) Principal injuries sustained:

        (2) Hospitalization and convalescence:

        (3) Present disability:

        (4) Special monetary damages, loss of past earnings, medical expenses, property damages, etc.:

75

    (5) Estimated value of pain and suffering, etc.:

    (6) Special damage claims:

E. Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.

F. Summary of testimony of each expert witness.

G. Special comment about pleadings and discovery, including depositions and the exchange of medical reports.

H. A summary of legal issues involved and legal authorities relied upon.

I. Stipulations desired.

J. Estimated number of trial days.

K. Any other matter pertinent to the case to be tried.

L. Pursuant to Local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.

M. Append any special verdict questions which counsel desires to submit.

N. Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.

O. Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.

P. In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required under Local Rule 48.2.